UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH GRANT,<br><br>                          Plaintiff,<br><br>          -against-<br><br>CAMINO, Queens Supreme Court Judge, et al.,<br><br>                          Defendants. | 25-CV-1985 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Rose M. Singer Center on Rikers Island, brings this action *pro se*. Plaintiff asserts claims that relate to or arise out of her criminal proceedings in the Supreme Court of the State of New York, Queens County. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this suit against criminal defense attorneys Christopher Miller and Mary Beth Anderson of Queens Defenders, who apparently are representing her, or have represented her, in criminal proceedings in the Supreme Court of the State of New York, Queens County. Plaintiff also sues the Queens County District Attorney, Justice Cimino (named as Camino), of the Supreme Court, Queens County, Doctors Shao and Perry, and Warden Ronald Miller and mental health employee Brian Fuchs. She appears to challenge the requirement that she undergo an exam, pursuant to N.Y. CPL Art. 730, related to her fitness to proceed with the criminal matter. (ECF 1 at 3.) Plaintiff also asserts, among other things, that officers from "the 115th Precinct assaulted me and destroyed my home."[1] (*Id.* at 14.)

Plaintiff provides addresses for many defendants in Queens County, but it is unclear where many of the individual defendants reside. It is therefore unclear if venue is proper, under Section 1391(b)(1), in this district based on the residence of defendants. Plaintiff alleges that her claims arose in substantial part in Queens County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue therefore is proper in the Eastern District of New York, under Section 1391(b)(2), based on the location where the events giving rise to the claims occurred.

Even if venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the

---

[1] On the same day that Plaintiff filed this complaint, she brought a related action, for which venue also appears to lie in the Eastern District of New York. *See Grant v. 115th Precinct*, No. 25-CV-2058 (LTS) (S.D.N.Y.).

relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff's criminal proceedings are taking place. It is reasonable to expect that relevant documents and witnesses also would be in Queens County. The Eastern District of New York thus appears to be a more convenient forum for this action. Moreover, Plaintiff alleges that she resides outside this district and that the events giving rise to her claims occurred outside this district, and her choice of this forum is therefore entitled to less deference.

Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 12, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

[2] The Court notes that Plaintiff filed the complaint without an application to proceed *in forma pauperis* or a prisoner authorization.

4